UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No.  4:18 CR 1024 RWS |
| ) | |
| GERALD FLEMING, ) | |
| ) | |
| Defendant. ) | |

**<u>MEMORANDUM AND ORDER</u>**

This matter is before me on Defendant Gerald Fleming's motions for a sentence reduction under United State Sentencing Guidelines Amendment 821.  I will deny Fleming's motions because he has already received a sentence reduction under Amendment 821.

On August 2, 2019, Fleming pleaded guilty to one count of possession with intent to distribute heroin, in violation of 21 U.S.C. §§ 841(a)(1) (Count I); and one count of possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. §§ 924(c)(1)(A) and 924(c)(2) (Count III).  Count II of the indictment, felon in possession of a firearm under18 18 U.S.C. § 922(g), was dismissed as a condition of Fleming's guilty-plea agreement.  On November 25, 2019, I sentenced Fleming to 144 months imprisonment to be followed by 5 years

of supervised release.  That sentence was composed of 84 months for Count I and a mandatory consecutive term of imprisonment of 60 months for Count III.

On March 3, 2024, Fleming's sentence was reduced to 130 months under the application of Amendment 821 of the United States Sentencing Guidelines. That sentence was composed of 70 months for Count I (Offense Level 25 / Criminal History Category III for a range of 70-87 months) and a mandatory consecutive term of imprisonment of 60 months for Count III.

On October 18, 2024, Fleming filed a motion to re-open his previously filed (and granted) motion to reduce his sentence under Amendment 821.  On January 30, 2025, he filed another motion seeking a sentence reduction under Amendment 821.

Fleming's motion to re-open [Doc. # 74] is without merit.  In that motion he refers to the grouping of a firearms count under 18 U.S.C. § 922(g) with a drug trafficking count citing §2K2.4, Note 4 of the sentencing guidelines.  Fleming was not convicted of nor sentenced for a violation of § 922(g).  That count of his indictment was dismissed pursuant to his guilty-plea agreement.  As a result, there is not any basis for a sentence reduction based on grouping or §2K2.4, Note 4.

In his motion of January 30, 2025 [Doc. # 76], Fleming moves for a sentence reduction that he has already received.  On March 3, 2024, pursuant to Amendment 821, I reduced Fleming's sentence to 130 months (70 months for Count I and a

mandatory consecutive term of imprisonment of 60 months for Count III).  To the extent that Fleming seeks a further reduction of his sentence, I do not have the authority to grant that request.  A sentence reduction based on an amended guideline range is limited to the bottom of the amended guideline range under U.S.S.G. § 1B1.10(b)(2)(A).  United States v. Koons, 850 F.3d 973, 976 (8th Cir. 2017).  The bottom of Fleming's amended guideline range for Count I is 70 months.  That is what he received.  Nor do I have the authority to reduce the consecutive 60 month sentence for Count III.  As a result, the amended sentence of 130 months that Fleming has received is the sentence that is authorized under Amendment 821.

Accordingly,

**IT IS HEREBY ORDERED that** Defendant Gerald Fleming's motion to re-open [74] and his motion for a greater sentence reduction under Amendment 821 [76] are **DENIED**.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of April, 2025.

3